IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| ANDREW R. LAKE,<br><br>                Plaintiff,<br><br>vs.<br><br>CAROLYN W. COLVIN,<br>Acting COMMISSIONER OF<br>SOCIAL SECURITY,<br><br>                Defendant. | Cause No. CV-13-77-BMM-RKS<br><br>FINDINGS AND RECOMMENDATIONS OF<br>UNITED STATES MAGISTRATE JUDGE |

## I. Synopsis

Andrew Lake ("Mr. Lake") applied for disability benefits under the Social Security Act. The Administrative Law Judge ("ALJ") determined that while Mr. Lake has a severe impairment, Mr. Lake also has the residual functional capacity to work, and is not entitled, therefore, to benefits. Mr. Lake seeks judicial review of that determination.

Summary judgment should be granted in favor of the defendant. The ALJ properly considered the evidence in the record before him.

1

## II. Jurisdiction

Jurisdiction vests pursuant to 42 U.S.C. § 405(g). United States District Judge Brian Morris referred this case to the undersigned for the submission of proposed findings and recommendations on January 7, 2014. (Doc. 10.)

## III. Status

**Social Security case**

Mr. Lake seeks Disability Insurance Benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401-434, and for Supplemental Security Income benefits under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381-1383f.

Mr. Lake applied for benefits in April 2010. Tr. 13. He alleged that he had been disabled since May 23, 2009. Tr. 13. His application was denied initially in August 2010, and again upon reconsideration in December 2010. Tr. 13. At Mr. Lake's request, a hearing was held in March 2012. Tr. 13; tr. 27-86. The ALJ denied benefits on April 6, 2012. Tr. 10.

Mr. Lake appealed. In July 2013, the Appeals Council denied Mr. Lake's request for review, making the ALJ's April 2012, decision the final decision of the Commissioner. Tr. 1-3.

Mr. Lake appeals the ALJ's April 2012, decision. The parties have filed cross motions for summary judgment which are pending. (Docs. 12, 16.)

## IV. Standards

**Court review**

The Court's review in this case is limited. The Commissioner's decision may be set aside only where the decision is not supported by substantial evidence, or where the decision is based on legal error. *Maounis v. Heckler*, 738 F.2d 1032, 1034 (9th Cir. 1984) (*citing Delgado v. Heckler*, 722 F.2d 570, 572) (9th Cir. 1983)). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971). Substantial evidence has also been described as "more than a mere scintilla" but "less than a preponderance." *Desrosiers v. Sec. of Health and Human Servs.*, 846 F.2d 573, 576 (9th Cir. 1988).

The District Court must consider the record as a whole, weighing both the evidence that supports and detracts from the Commissioner's conclusion. *Green v. Heckler*, 803 F.2d 528, 530 (9th Cir. 1986) (*citing Jones v. Heckler*, 760 F.2d 993, 995 (9th Cir. 1985)). While the Court may not substitute its findings for those of the ALJ, it may reject findings not supported by the record. *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006).

**Disability determination**

A claimant is disabled for purposes of the Social Security Act if: (1) the claimant has a "medically determinable physical or mental impairment which can

be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months," and (2) the impairment or impairments are of such severity that, considering the claimant's age, education, and work experience, the claimant is not only unable to perform previous work, but also cannot "engage in any other kind of substantial gainful work which exists in the national economy." *Schneider v. Commr. of Soc. Sec. Admin.*, 223 F.3d 968, 974 (9th Cir. 2000) (*citing* 42 U.S.C. §1382(a)(3)(A)-(B)).

In determining whether a claimant is disabled, the Commissioner follows a five-step sequential evaluation process. *Corrao v. Shalala*, 20 F.3d 943, 946 (9th Cir. 1994) (*citing* 42 U.S.C. § 1382C(a)(3)). If the Commissioner finds that a claimant is disabled or not disabled at any step in this process, the review process is terminated. *Id.* at 946.

- At step one, the claimant must show he is not currently engaged in substantial gainful activity.

- At step two, the claimant must show he has a severe impairment.

- At step three, the ALJ must determine whether a claimant's impairment meets or equals the criteria of the Listing of Impairments.

- Step four provides that if the claimant does not have a listed impairment, then the claimant must establish a prima facie case of disability by showing an inability to engage in past work because of the medical impairments.

- If that case is made, at step five the burden shifts to the Commissioner to prove that the claimant can engage in other types of substantial gainful work

4

existing in the national economy given the claimant's age, education, work experience and residual functional capacity.

*Jones*, 760 F.2d at 995.

## V. Factual Allegations

**ALJ's Determination**

At step one, the ALJ found that Mr. Lake had not engaged in substantial gainful activity since his alleged disability onset date. Tr. 15.

At step two, the ALJ found that Mr. Lake had one severe impairment: status post back surgery. Tr. 15. The ALJ concluded that Mr. Lake's other medical issue, carpal tunnel syndrome of his left hand, was not a severe impairment. Tr. 15-16.

At step three, the ALJ found that Mr. Lake's condition failed to satisfy the criteria of the Listing of Impairments. Tr. 16. The ALJ stated that there was no evidence of nerve root compression, spinal arachnoiditis, or lumbar spinal stenosis. Tr. 16.

At step four, the ALJ found that Mr. Lake is capable to perform his past relevant work as a cashier, short-order cook, truck driver, water route truck driver, housekeeper, bartender, or deli clerk. Tr. 20.

At step five, the ALJ found that Mr. Lake has the residual functional capacity to perform medium work, as defined by 20 C.F.R. 404.1567(c) and

416.967(c). Tr. 16. The ALJ found that other jobs exist in the national economy that Mr. Lake can perform. Tr. 21. The ALJ concluded that Mr. Lake is not disabled within the meaning of the Social Security Act. Tr. 21.

**Plaintiff's arguments**

Mr. Lake contends the ALJ's determination is based on legal error. Specifically, Mr. Lake argues that the ALJ erred by:

1. Improperly disregarding medical opinions. Mr. Lake argues the ALJ rejected the opinion of Dr. Joseph Nemes without sufficient reasons.

2. Discrediting Mr. Lake's testimony for improper or insufficient reasons. Mr. Lake argues the ALJ should not have discredited Mr. Lake's testimony.

3. Discrediting the lay witness testimony of vocational therapist Karen Black. Mr. Lake argues that the ALJ discredited Ms. Black's testimony based on alleged inconsistencies with the record, which is not a specific or germane reason.

(Doc. 13.)

### VI. Analysis

Mr. Lake's arguments lack merit. The ALJ properly considered the medical opinion of Dr. Nemes, and accorded that testimony "great weight." Tr. 19. This indicates that the ALJ did not reject Dr. Nemes' opinion. Rather, the ALJ properly established Mr. Lake's residual functional capacity based on the evidence in the record before him. Tr. 16-19. The ALJ properly considered those medical opinions in the record with regard to his determination as a whole. Tr. 16-19.

The ALJ further gave adequate[1] reasons to discredit Mr. Lake's testimony. The ALJ relied specifically on Mr. Lake's "dishonest[y] with doctors," Mr. Lake's high functional capacities in spite of his alleged limitations, and Mr. Lake's quick "recant[ing] of his statement" when questioned about inconsistent information. Tr. 19; *see* 20 C.F.R. § 404.1529 (Social Security Administration considers inconsistencies in the evidence, conflicts between claimant's statements and other evidence, claimant's history, the signs and laboratory findings, and statements by other sources).

Finally, the ALJ's reliance on the vocational expert's testimony was not in error. The testimony was based on a hypothetical worker who had the limitations the ALJ believed could be ascribed to Mr. Lake. *See Magallanes v. Bowen*, 881 F.2d 747, 756–57 (9th Cir.1989) (it is proper for an ALJ to limit a hypothetical to restrictions supported by substantial evidence in the record).

## VII. Conclusion

Therefore, it is **RECOMMENDED**:

---

[1]There is some confusion as to the Ninth Circuit's standard for reviewing an ALJ's claimant-credibility determination. *Bunnell v. Sullivan*, 947 F.2d 341, 345-346 (9th Cir. 1991) (en banc), held that the ALJ's credibility findings "must be sufficiently specific to allow a reviewing court to conclude that the adjudicator rejected the claimant's testimony on permissible grounds." Subsequently, some Ninth Circuit panels have required "clear and convincing" reasons to reject a claimant's testimony. See e.g. *Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 693 (9th Cir. 2009). *Bunnell*, however, has not been overturned. See *United States v. Camper*, 66 F.3d 229, 232 (9th Cir. 1995) (only court sitting en banc can overturn en banc precedent). Either standard is satisfied in this case.

1. That the District Court should **DENY** Plaintiff's motion for summary judgment, (Doc. 12);

2. That the District Court should **GRANT** the Defendant's motion for summary judgment, (Doc. 16);

3. The District Court should direct the Clerk to enter judgment in favor of the defendant.

**NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT**

Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to this Findings and Recommendations within fourteen (14) business days of the date entered as indicated on the Notice of Electronic Filing. A district judge will make a de novo determination of those portions of the Findings and Recommendations to which objection is made. The district judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the district judge.

DATED this 25th day of March, 2014.

/s/ Keith Strong
Keith Strong
United States Magistrate Judge