IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| ANDREW R. LAKE,<br><br>Plaintiff,<br><br>vs.<br><br>CAROLYN W. COLVIN,<br>Acting COMMISSIONER OF<br>SOCIAL SECURITY,<br><br>Defendant. | CV 13-77-GF-BMM<br><br>**ORDER ADOPTING FINDINGS<br>AND RECOMMENDATIONS** |

This action concerns the decision of Defendant Carolyn Colvin, the acting Commissioner of Social Security (Commissioner), to deny Plaintiff Andrew Lake's (Lake) application.

**FACTUAL BACKGROUND**

Lake resides in Chinook, Montana. (Doc. 1 at 2.) Lake applied on April 10, 2010, for disability insurance benefits under Title II of the Social Security Act, and supplemental security income benefits under Title XVI of the Social Security Act. (Doc. 1 at 2.) Lake alleged that he had been disabled since May 23, 2009. (*Id*; doc. 20 at 2.) The Commissioner denied that application on August 12, 2010. (Doc. 1 at 2; doc. 20 at 2.)

1

The Administrative Law Judge conducted a hearing, at Lake's request, on March 22, 2012. (Doc. 1 at 2.) The ALJ affirmed the Commissioner's denial of Lake's application on April 6, 2012. (Doc. 1 at 3.) Lake took an appeal to the Social Security Administration Appeals Council (SSAAC) in July 2013, and the SSAAC denied Lake's request for review on November 28, 2012. (Doc. 1 at 3; doc. 20 at 2.)

Lake sought judicial review of the Commissioner's decision that Lake has severe impairments, but possesses the residual functional capacity to work. (Doc. 1.) United States Magistrate Judge Keith Strong entered his Findings and Recommendation on March 25, 2014. (Doc. 20.) Judge Strong recommended that the Court deny Lake's motion for summary judgment (Doc. 12), and grant the Commissioner's motion for summary judgment. (Doc. 16.)

Lake has objected to Judge Strong's findings and recommendations. (Doc. 21.) The Commissioner has replied to Lake's objections. (Doc. 22.) Title 28, Section 636(b)(1) of the United States Code entitles an objecting party to review de novo of the findings and recommendations to which they object. The Court will review for clear error all other findings and recommendations. *McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc*., 656 F.2d 1309, 1313 (9th Cir. 1981). The Court adopts Judge Strong's findings and recommendations in full for the reasons discussed.

**JURISDICTION**

Chinook, Montana lies within the Great Falls Division of the District of Montana. Lake correctly brought suit in this District. 42 U.S.C. § 405(g).

**ANALYSIS**

The Court adopts by reference the factual background as enumerated in Judge Strong's findings and recommendations. It is well established that the Court's review of a decision granting or denying Social Security disability benefits is deferential. *Hiler v. Astrue*, 687 F.3d 1208 (9th Cir. 2012). If the record as a whole reasonably can support either affirmance or reversal of the Commissioner of Social Security's decision, the Court must affirm. *Id.* The Court will review each of Lake's objections in turn.

Lake first argues that "the uncontested findings of fact preclude [Judge Strong]'s findings and recommended decision and require summary judgment" in Lake's favor. (Doc. 21 at 2.) Lake fails to identify, however, any specific facts that that preclude Judge Strong's findings and recommendations to this Court. (Doc. 21 at 2.) Despite Lake's failure, the Court has reviewed Lake's proposed uncontested findings of fact. (Doc. 14.) No conflict exists between the conclusions that Lake's proposed uncontested findings of fact espouse, (doc. 14 at 1-4), and those factual conclusions that Judge Strong made. (Doc. 20 at 5-6.) As no conflict exists between Judge Strong's findings and Lake's proposed uncontested findings

of fact, Lake has failed to identify any error in Judge Strong's findings of fact. Lake's proposed uncontested findings of fact fail to require as matter of law, therefore, summary judgment in Lake's favor.

Lake further argues that Judge Strong failed to consider the ALJ's "failure to consider carpal tunnel syndrome," a severe impairment. (Doc. 21 at 2.) Judge Strong considered at length, however, every argument that Lake raised in his brief in support of Lake's motion for summary judgment. (Doc. 13.) In that brief, Lake failed to argue the ALJ's determination that carpal tunnel syndrome did not constitute a severe impairment. (*See generally* Doc. 13.) Lake alleged only that "Dr. Nemes diagnosed Carpal Tunnel Syndrome," (doc. 13 at 11, 20), that "Andrew testified the carpal tunnel symptoms bothers him two or three days a week," (doc. 13 at 11), and that "Carpal Tunnel Syndrome was found to not be a severe impairment." (Doc. 13 at 16.)

This Court has no obligation to consider evidence and claims presented for the first time in a party's objection to a magistrate judge's findings and recommendations. *Brown v. Roe*, 279 F.3d 742, 744 (9th Cir.2002); *United States v. Howell*, 231 F.3d 615, 621–22 (9th Cir.2000). The specific factual objection that Lake now brings unquestionably was evident before the magistrate judge's proceedings ever began. Nothing excuses Lake's delay in raising this argument. The party who fails to raise arguments in a timely fashion will not receive the

benefit of the doubt. Lake has waived any argument with regard to the ALJ's failure to consider carpal tunnel syndrome a severe impairment.

Lake next argues that Judge Strong insufficiently considered the "medical opinions of Dr. Nemes." (Doc. 21 at 3.) Lake contends that this insufficiency tainted Judge Strong's finding that the ALJ properly had established Lake's residual functional capacity. (Doc. 21 at 3-4.) Lake alleges that Judge Strong's conclusion has "no basis in the records." (Doc. 21 at 4.) Judge Strong found that the "ALJ properly considered the medical opinion of Dr. Nemes, and accorded that testimony 'great weight.'" (Doc. 20 at 6 (citing Tr. 19).)

The ALJ had determined that Dr. Nemes's medical source statement was "consistent with the preponderance of the objective evidence overall." (Tr. 19.) Evidence in the record from Dr. Nemes begins on June 4, 2009. (Tr. 298.) Dr. Nemes first saw Lake after Lake had "sneezed and [] blew five discs in [his] back." (Tr. 40; *see also* Tr. 303.) Dr. Nemes reported, at a January 21, 2010, follow-up for Lake's back surgery, that Lake "has no limitations with routine daily activities." (Tr. 300.) Dr. Nemes again found no problems related to Lake's back at a February 4, 2010, follow-up. (Tr. 298.)

Lake relies, however, on a contradictory report from Dr. Nemes on December 14, 2011. (Tr. 331.) Dr. Nemes's report presents contradictory and somewhat confusing information. The December 14, 2011, report states that Lake

had "[m]id back pain starting last week," and that Lake is "[n]ow incapacitated with right sided knot." (Tr. 331) The report also opines, however, that Lake "[o]therwise has been doing well[ and was g]oing to college to get a degree." (Tr. 331.) This conflicting information provides one basis upon which the ALJ correctly could "adjust[] the residual functional capacity accordingly." (Tr. 19.) Dr. Nemes's December 14, 2011, report further provides a basis for Judge Strong's finding that that the ALJ properly had considered Dr. Nemes's medical opinion.

Lake further alleges that Judge Strong incorrectly found that the ALJ had given adequate reasons to discredit Lake's testimony. (Doc. 21 at 4-5.) Judge Strong found that the ALJ "gave adequate reasons to discredit Mr. Lake's testimony." (Doc. 20 at 7.) The ALJ described at length the reasons that he had discredited Lake's testimony. (Tr. 19.) Those reasons included that Lake "alleged he was dishonest with his doctors" because of his pride, (Tr. 19), that Lake "maintain[ed] a 3.7 grade point average, while at the same time reporting such debilitating symptoms," and that Lake "quickly recanted his" testimony about why his job as a driver in the oil field had ended. (Tr. 19.)

Lake alleges "a complete lack of findings upon which ALJ Kilroy relied to determine [Lake] was not telling the truth" (Doc. 21 at 5.) The record indicates the opposite. Lake's testimony at the hearing that he had requested provided the basis for the ALJ to reach a conclusion about Lake's credibility. (Tr. 27-86.) The ALJ

had "[m]id back pain starting last week," and that Lake is "[n]ow incapacitated with right sided knot." (Tr. 331) The report also opines, however, that Lake "[o]therwise has been doing well[ and was g]oing to college to get a degree." (Tr. 331.) This conflicting information provides one basis upon which the ALJ correctly could "adjust[] the residual functional capacity accordingly." (Tr. 19.) Dr. Nemes's December 14, 2011, report further provides a basis for Judge Strong's finding that that the ALJ properly had considered Dr. Nemes's medical opinion.

Lake further alleges that Judge Strong incorrectly found that the ALJ had given adequate reasons to discredit Lake's testimony. (Doc. 21 at 4-5.) Judge Strong found that the ALJ "gave adequate reasons to discredit Mr. Lake's testimony." (Doc. 20 at 7.) The ALJ described at length the reasons that he had discredited Lake's testimony. (Tr. 19.) Those reasons included that Lake "alleged he was dishonest with his doctors" because of his pride, (Tr. 19), that Lake "maintain[ed] a 3.7 grade point average, while at the same time reporting such debilitating symptoms," and that Lake "quickly recanted his" testimony about why his job as a driver in the oil field had ended. (Tr. 19.)

Lake alleges "a complete lack of findings upon which ALJ Kilroy relied to determine [Lake] was not telling the truth" (Doc. 21 at 5.) The record indicates the opposite. Lake's testimony at the hearing that he had requested provided the basis for the ALJ to reach a conclusion about Lake's credibility. (Tr. 27-86.) The ALJ

produced well-reasoned and thorough findings that explain the ALJ's specific basis to discredit Lake's inconsistent testimony. (*See* Tr. 19.) Judge Strong correctly identified that the ALJ had given adequate reasons to discredit Lake's testimony. (Doc. 20 at 7.)

Lake concludes with the objection that Judge Strong "erred in finding substantial evidence exists to support the ALJ decision." (Doc. 21 at 6.) The Court has reviewed thoroughly the administrative record in Lake's case. The Court will affirm the ALJ's decision because the administrative record as a whole reasonably supports the Commissioner of Social Security's decision. *Hiler*, 687 F.3d 1208.

*Findings and Recommendations*

The Court reviews for clear error the remainder of the Judge Strong's findings and recommendations. *McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc.*, 656 F.2d 1309, 1313 (9th Cir.1981). Clear error exists if the Court is left with a "definite and firm conviction that a mistake has been committed." *United States v. Syrax*, 235 F.3d 422, 427 (9th Cir.2000).

Judge Strong recommended that the Court deny Lake's motion for summary judgment (Doc. 16), and grant the Commissioner's motion for summary judgment (Doc. 24). At the outset, Judge Strong stated correctly this Court's limited review of a decision of the Commissioner of Social Security. Judge Strong proceeded to

address the five-step sequential evaluation process that the Commissioner uses to determine whether a claimant qualifies as disabled.

Judge Strong concluded that the ALJ had based the decision on substantial evidence and that the decision was free of legal error. No clear error exists in Judge Strong's findings or recommendations. Therefore, **IT IS ORDERED,**

1. Lake's motion for summary judgment (Doc. 12) is **DENIED**;
2. The Commissioner's motion for summary judgment (Doc. 16) is **GRANTED**;
3. The Clerk shall enter judgment in favor of the defendant, the Commissioner.

Dated the 14th day of April, 2014.

_____
Brian Morris
United States District Court Judge